MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JESUS VALENCIA RODRIGUEZ , *individually*
*and on behalf of others similarly situated,*

|                             |                                 |
|-----------------------------|---------------------------------|
| *Plaintiff,*                | **COMPLAINT**                   |
|                             |                                 |
| -against-                   | **COLLECTIVE ACTION**           |
|                             | **UNDER 29 U.S.C. § 216(b)**    |
| PATROON OPERATING COMPANY LLC. | **ECF Case**                 |
| (d/b/a ARETSKY PATRON TOWN HOUSE), |                           |
| DIANA LYNE and KENNETH ARETSKY |                               |

PATROON OPERATING COMPANY LLC.
(d/b/a ARETSKY PATRON TOWN HOUSE),
DIANA LYNE and KENNETH ARETSKY
                    *Defendants.*
-------------------------------------------------------------X

Plaintiff Jesus Valencia Rodriguez  ("Plaintiff Valencia" or "Mr. Valencia "), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon information and belief, and as against each of Defendants Patroon

Operating Company LLC(d/b/a Aretsky Patron Town House) ("Defendant Corporation"), Diana

Lyne ,and Kenneth Aretsky (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Valencia   is a former employee of Defendants Patroon Operating

Company LLC (d/b/a Aretsky Patron Town House), Diana Lyne, and Kenneth Aretsky.

2.      Aretsky Patron Town House is a Restaurant owned by Diana Lyne and Kenneth

Aretsky located at 160 E. 46th Street, New York, New York 10017.

3.     Upon information and belief, Defendants Diana Lyne and Kenneth Aretsky, serve or served as owners, managers, principals and/or agents of Defendant Corporation, and through this corporate entity operates the Restaurant.

4.     Plaintiff Valencia is a former employee of Defendants.

5.     Plaintiff Valencia was employed as a coffee maker and ostensibly employed as a busboy.  However, when he ostensibly had the title of  busboy, he was required to spend several hours each day performing non-tipped duties unrelated to tipped work , including but not limited to carrying tables from the basement to the first floor, bringing up tablecloths from the basement, bringing up ice and  refilling the ice buckets , folding cloth napkins, setting up tables, (in the summer he has to do the same in the open air roof), setting up the second floor for parties, carrying water up to the second floor, sweeping, polishing glasses after they are washed, cleaning the shelf for the glasses, cleaning the wood around the restaurant, cleaning  the blinds, cleaning the ice buckets, carrying chairs back to their original location at the end of the night, carrying used plates, glasses and utensils down to the basement , cleaning the coffee machine, restocking the coffee station (bringing milk, sugar, coffee, mugs saucers etc.) and placing the bread into an oven to heat up (hereinafter, "non-tip duties").

6.     Plaintiff Valencia   regularly worked for Defendants without appropriate minimum wage for any of the hours that he worked.

7.     Defendants employed and accounted for Plaintiff Valencia as a busboy in their payroll, but in actuality his duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

8.      At all times, regardless of duties, Defendants paid Plaintiff Valencia   and all other busboys at the tip-credit rate rather than the minimum wage rate.

9.      In addition, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Valencia's   non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Valencia's   actual duties in payroll records to avoid paying Plaintiff Valencia   at the minimum wage rate, and to enable them to pay Plaintiff Valencia   at the lower tip-credited rate by designating him as a busboy instead of a non-tipped employee.

11.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Valencia's tips and made unlawful deductions from the Plaintiff's and other similarly situated employees' wages.

12.     Defendants' conduct extended beyond Plaintiff Valencia   to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valencia   and other employees to work without providing them the minimum wage required by federal and state law and regulations.

14.     Plaintiff Valencia   now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees, and costs.

15.     Plaintiff Valencia   seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Valencia's   state law claims is conferred by 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Valencia   was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18.     Plaintiff Jesus Valencia Rodriguez ("Plaintiff Valencia" or "Mr. Valencia") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Valencia   was employed by Defendants from approximately April 2012 until on or about May 3, 2016.

20.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Valencia   consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

4

*Defendants*

21.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a Restaurant located at 160 E. 46th street, New York, New York 10017 under the name "Aretsky Patron Town House".

22.     Upon information and belief, Patroon Operating Company LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 160 E. 46th Street, New York, New York 10017.

23.     Defendant Diana Lyne is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Diana Lyne is sued individually and in her capacity as an owner, officer and/or agent of Defendant Corporation.

24.     Defendant Diana Lyne possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

25.     Defendant Diana Lyne determined the wages and compensation of the employees of Defendants, including Plaintiff Valencia, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

26.     Defendant Kenneth Aretsky is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Kenneth Aretsky is sued individually and in his capacity as an owner, officer and/or agent of Defendant Corporation.

5

27.     Defendant Kennneth Aretsky possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

28.     Defendant Kenneth Aretsky determined the wages and compensation of the employees of Defendants, including Plaintiff Valencia, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate a Restaurant located at 160 E. 46th Street, New York, New York 10017.

30.      Individual Defendant Diana Lyne possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

31.     Individual Defendant Kenneth Aretsky possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

32.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over employees.

33.     Each Defendant possessed substantial control over Plaintiff Valencia's   (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Valencia , and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff Valencia, and all similarly situated individuals, and are Plaintiff Valencia's  (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff Valencia and/or similarly situated individuals.

36.     Upon information and belief, individual Defendants Diana Lyne and Kenneth Aretsky operate Defendant Corporation as either an alter egos of themselves and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of  their own with Defendant Corporation;

7

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants were Plaintiff Valencia's   employers within the meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff Valencia, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Valencia's   services.

39.     In each year from 2012 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used and sold in the Restaurant on a daily basis, such as tomatoes and cheeses, were produced outside of the State of New York.

*Individual Plaintiff*

41.     Plaintiff Valencia   is a former employee of Defendants ostensibly employed as a busboy, but who spent more than two hours a day performing the non-tip duties outlined above.

42.     Plaintiff Valencia   seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jesus Valencia Rodriguez*

43.     Plaintiff Valencia   was employed by Defendants from approximately April 2012 until on or about May 3, 2016.

40.     At all relevant times, Plaintiff Valencia   was ostensibly employed by Defendants as a busboy. However, Plaintiff Valencia   spent more than 20% of each work day performing the non-tip duties outlined above.

41.     Plaintiff Valencia regularly handled goods in interstate commerce, such as chicken and Vegetables produced outside of the State of New York.

42.      Plaintiff Valencia's work duties required neither discretion nor independent judgment.

43.     From approximately April 2012 until on or about April 2013, Plaintiff Valencia worked three days a week as a busboy and worked and average of 35 hours per week.

44.     From approximately April 2013 until on or about July 2014, Plaintiff Valencia worked from approximately 10:30 a.m. until on or about 2:30 p.m. and from approximately 4:00 p.m. until on or about 10:30 or 11:00 five days a week; however, Plaintiff Valencia worked as a coffee maker from approximately 4:00 p.m. until on or about 10:30 or 11:00 p.m. on Thursdays. Plaintiff Valencia worked an average of 36 hours per week both as busboy and a coffee maker.

45.     From approximately September 2014 until on or about January 2016, Plaintiff Valencia worked from approximately 10:30 a.m. until on or about 2:30 p.m.  And from approximately 4:00 p.m. until on or about 10:30 or 11:00 four or five days a week; however, Plaintiff Valencia worked as a coffee maker from approximately 4:00 p.m. until on or about 10:30 or 11:00 p.m. on Thursdays and Fridays. Plaintiff Valencia worked an average of 40 hours per week as both a busboy and coffee maker.

9

46.     From approximately January 2016 until on or about May 3, 2016, Plaintiff Valencia worked from approximately 4:00 p.m. until on or about 10:30 or 11:00 p.m. three days a week (typically 18 hours per week).

47.     Throughout his employment with Defendants, Plaintiff Valencia was paid his wages by check.

48.     From approximately April 2012 until on or about January 2016, Defendants paid Plaintiff Valencia $5.00 per hour.

49.     From approximately January 2016 until on or about May 3, 2016, Defendants paid Plaintiff Valencia   $7.50 per hour.

50.     Plaintiff Valencia   was never notified by Defendants that his tips would be included as an offset for wages.

51.     Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Valencia's   wages.

52.     In addition, defendants required Plaintiff Valencia and other tipped workers to share a percentage of the tips with captain/managers, expediters and coffee makers; defendants also withheld 3% of all credit card tips customers wrote in for Plaintiff Valencia.

53.     Defendants never provided Plaintiff Valencia   with a written notice, in English and in Spanish (Plaintiff Valencia's   primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valencia   regarding overtime and wages under the FLSA and NYLL.

55.     Defendants required Plaintiff Valencia   to purchase "tools of the trade" with his

own funds—including five dress shirts per year, three black dress pants per year, ten pairs of black socks per year and two pairs of black dress shoes per year.

*Defendants' General Employment Practices*

56.     Defendants regularly required their employees, including Plaintiff Valencia, to work without paying them the proper minimum wage.

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valencia   (and all similarly situated employees) to work without paying him appropriate minimum wage, as required by federal and state laws.

58.     At no time did Defendants inform their employees, including Plaintiff Valencia, that they had reduced their hourly wages by a tip allowance.

59.     Defendants failed to maintain a record of tips earned by Plaintiff Valencia   for the tipped work he made to customers.

60.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Valencia by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving tipped employees of a portion of the tips earned during the course of employment.

61.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Valencia, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

62.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

63.     Defendants required all busboys, including Plaintiff Valencia, to perform general non-delivery, non-tipped Restaurant tasks in addition to their primary duties as busboys. Plaintiff Valencia, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

64.     Plaintiff Valencia   and all other busboys were paid at the lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because the busboy's and Plaintiff Valencia's   non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

65.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

66.     The busboys', including Plaintiff Valencia's  , duties were not incidental to their occupation as busboys, but instead constituted entirely unrelated general Restaurant  work with duties, including the non-tipped duties described above.

67.     In violation of federal and state law as codified above, Defendants classified Plaintiff Valencia   and other busboys as tipped employees, and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

68.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Valencia, with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Valencia's, relative lack of sophistication in wage and hour laws.

69.     Defendants failed to provide Plaintiff Valencia   and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

70.     Defendants failed to provide Plaintiff Valencia   and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

13

**FLSA COLLECTIVE ACTION CLAIMS**

71.     Plaintiff Valencia   brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

72.     At all relevant times, Plaintiff Valencia  , and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wages.

73.     The claims of Plaintiff Valencia   stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

74.     Plaintiff Valencia   repeats and realleges all paragraphs above as though fully set forth herein.

75.     At all times relevant to this action, Defendants were Plaintiff Valencia's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Valencia   (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

76.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

78.    Defendants failed to pay Plaintiff Valencia   (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

79.    Defendants' failure to pay Plaintiff Valencia   (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

80.    Plaintiff Valencia   (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

81.    Plaintiff Valencia   repeats and realleges all paragraphs above as though fully set forth herein.

82.    At all times relevant to this action, Defendants were Plaintiff Valencia's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Valencia   (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

83.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Valencia   (and the FLSA Class members) less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Valencia   (and the FLSA Class members)
minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Valencia   (and the FLSA Class Members) were damaged in an amount
to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

86.     Plaintiff Valencia   repeats and realleges all paragraphs above as though fully set
forth herein.

87.     Defendants failed to provide Plaintiff Valencia   with a written notice, in English
and in Spanish (Plaintiff Valencia's   primary language), of his rate of pay, regular pay day, and
such other information as required by NYLL §195(1).

88.     Defendants are liable to Plaintiff Valencia   in the amount of $5,000, together with
costs and attorney's fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

89.     Plaintiff Valencia   repeats and realleges all paragraphs above as though set forth
fully herein.

90.     Defendants did not provide Plaintiff Valencia   with a statement of wages with
each payment of wages, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff Valencia   in the amount of $5,000, together with
costs and attorney's fees.

### FIFIFTH CAUSE OF ACTION

**RECOVERY OF EQUIPMENT COSTS**

92.    Plaintiff Valencia   repeats and realleges all paragraphs above as though set forth fully herein.

93.    Defendants required Plaintiff Valencia   to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his jobs, such as a bicycle, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94.    Plaintiff Valencia   was damaged in an amount to be determined at trial.

SIXTH CAUSE OF ACTION

**UNLAWFUL DEDUCTIONS FROM TIPS IN
VIOLATION OF THE NEW YORK LABOR LAW**

95.    At all relevant times, Defendants were Plaintiff Valencia's   employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

96.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

97.    Defendants unlawfully misappropriated a portion of Plaintiff Valencia's   tips that were received from customers.

98.    Defendants knowingly and intentionally retained a portion of Plaintiff Valencia's tips in violations of the NYLL and supporting Department of Labor Regulations.

99.    Plaintiff Valencia   was damaged in an amount to be determined at trial.

17

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Valencia   respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valencia   and the FLSA class members;

(c)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Valencia's  , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Valencia   and the FLSA class members;

(e)      Awarding Plaintiff Valencia   and the FLSA class members damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)      Awarding Plaintiff Valencia   and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Valencia  and the members of the FLSA Class;

(h)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Valencia   and the members of the FLSA Class;

(i)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Valencia   and the FLSA Class members;

(j)    Awarding Plaintiff Valencia   and the FLSA class members damages for the amount of unpaid minimum WAGES as well as damages for any improper deductions or credits taken against wages;

(k)    Awarding Plaintiff Valencia   damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)    Awarding Plaintiff Valencia   and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wages shown to be owed pursuant to NYLL § 663 as applicable;

(m)    Declaring that Defendants' violations of NYLL § 191 were willful as to Plaintiff Valencia   and the FLSA class members;

(n)    Awarding Plaintiff Valencia   and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Valencia   and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 28, 2016

                          MICHAEL FAILLACE & ASSOCIATES, P.C.

                          /s/ Michael Faillace
                    By:   Michael A. Faillace [MF-8436]
                          60 East 42nd Street, Suite 2540
                          New York, New York 10165
                          (212) 317-1200
                          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 3, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jesus Valencia Rodriguez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     03 de junio de 2016